UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

DANIEL J. ESSEK,                        )
                                        )
        Plaintiff,                      )       Civil No. 10-333-GFVT
                                        )
v.                                      )
                                        )
VANDERBILT MORTGAGE, INC., et al.,      )       **MEMORANDUM OPINION**
                                        )       **& ORDER**
        Defendants.                     )

**** **** **** ****

Plaintiff Daniel J. Essek is a resident of Williamsburg, Kentucky. Essek has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 2.] The Court has granted Essek's motion to proceed *in forma pauperis* [R. 3] by prior Order [R. 5].

**I.**

In his complaint, Essek indicates that in January 2010, he and his wife filed a joint petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code. In Schedule A attached to the petition, Essek listed real property located at 74 Arlie Leach Lane as an asset of the estate, with a stated value of approximately $15,000.00. In Schedule B, Essek listed Vanderbilt Mortgage, Inc., as a secured creditor with a mortgage lien against the property securing a debt of approximately $45,000.00. The bankruptcy court denied Essek's motion to avoid Vanderbilt's lien on March 19, 2010, and granted the mortgagee relief from the automatic stay under Section 362(a) the same day. The Esseks received an Order of Discharge on May 19, 2010. *In re: Daniel J. and Donna G. Essek*, No. 10-60065-JMS (Bankr. E.D. Ky. 2010).

After receiving such relief from the automatic stay, Vanderbilt Mortgage initiated

foreclosure proceedings on the property in the Circuit Court of Whitley County, Kentucky. Essek indicates that the case is actively pending as docket number 10-CI-00667. [R. 4 at 1.] Essek states that he believed he was represented by defendant Elisabeth Isaacs, a "Pro Bono Attorney," in those proceedings. When default judgment was entered against him in the case, however, he determined that this was incorrect. Essek indicates that he requested a hearing before the Circuit Court to be held on December 10, 2010. Essek asserts that defendant Judge Paul E. Braden granted his request for a hearing, but failed to issue an order restraining the sale of the property.

Defendant Howard O. Mann, a master commissioner for Whitley County, auctioned the property on December 6, 2010, before the hearing in the Circuit Court was held. Vanderbilt Mortgage purchased the property at the master commissioner's sale for $25,400, a value Essek contends is inflated, causing him financial injury. Essek also names Clayton Homes, Inc., Whitley County, Kentucky, and the Commonwealth of Kentucky as defendants in the caption of the complaint, although the body of the complaint is devoid of any allegations against them. Essek contends that the conduct described in the Complaint violated his right to due process and the Fourth Amendment to the Constitution of the United States, and he seeks one hundred billion dollars in punitive damages in addition to actual damages, "real or imagined," injunctive relief, and a trial by jury.

## II.

The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this

stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

As a threshold matter, the foreclosure proceedings about which Essek complains remain ongoing. Accordingly, this court must abstain from exercising its subject matter jurisdiction in any manner which would result in unnecessary interference with ongoing state judicial proceedings. *Younger v. Harris*, 401 U.S. 37 (1971); *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1 (6th Cir. Sept. 24, 2003). At a minimum, the injunctive relief requested by Essek would interfere with the state court's timely and orderly handling of those proceedings. *Barksdale v. Cuyahogo Co., Ohio*, No. 1:07-CV-1490, 2007 WL 2320042, at *4 (N.D. Ohio Aug. 10, 2007) (abstention from interfering in ongoing state foreclosure proceedings). Essek may raise any due process objections he has to the foreclosure process in the Whitley Circuit Court or on direct appeal. Due respect for the right and ability of the Kentucky courts to fully protect his rights and adjudicate his claims requires the Court to abstain for exercising jurisdiction over such claims. *Meyers v. Franklin County Court of Common Pleas*, 2001 WL 1298942, at *4 (6th Cir. Aug. 7, 2001).

Additionally, the Court need not decide whether the abstention doctrines or the *Rooker-Feldman* doctrine[1] present a bar to its exercise of subject matter jurisdiction over Essek's claims for monetary damages as the allegations of his Complaint fail to state a claim for relief against any named defendant. First, in order to state a claim under Section 1983, a plaintiff must allege that his or her civil rights were violated by a person acting "under color of state law." *West v.*

---

[1] *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 286-89 (2005).

*Atkins*, 487 U.S. 42, 48 (1988). This requirement is satisfied where the person is employed by the state, or the state otherwise vests the private individual with authority to act on its behalf in the performance of a function traditionally performed by the state. *Id*. at 49-50. In this case, three of the named defendants - Vanderbilt Mortgage, Inc., Clayton Homes, Inc., and Elizabeth Isaacs, Esq. - are not governmental officials or entities, and were not performing a governmental function with respect to the conduct described in the complaint. *Barksdale*, 2007 WL 2320042 at *7 (bank which merely invoked state-created judicial foreclosure proceedings does not act of under color of state law); *Roemer v. Security Bancshares*, 978 F. Supp. 988, 990-91 (D. Kan. 1997) (same); *Hardy v. Cushman*, No. 09-14825, 2010 WL 3906895, at *4 (E.D. Mich. May 10, 2010) (private attorneys representing plaintiff in prior litigation on pro bono basis did not act "under color of state law," requiring dismissal of constitutional claims asserted against them in Section 1983 action); *Agron v. Douglas W. Dunham, Esq. & Assoc.*, No. 02-CV-10071-LAP, 2004 WL 691682, at *3 (S.D.N.Y. 2004) (same). Thus, even assuming that the actions of the defendants are in some way wrongful, Essek has failed to state a claim for violation of his constitutional rights. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999) (actions of private persons, no matter how discriminatory or wrongful, are not actionable under Section 1983).

  Second, Essek's claim against Judge Braden for failing to issue an order enjoining the sale of the property challenges the propriety of actions taken while acting in a judicial capacity. A judge, however, is entitled to absolute immunity against a claim that his or her actions taken during the course of judicial proceedings violated a litigant's civil rights under Section 1983. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Essek's allegations against Judge Braden clearly relate to conduct taken in his role as judge and thus fall within the scope of this immunity.

*Rose v. Leaver*, 25 F. App'x 191, 192 (6th Cir. 2002).

Third, Essek alleges that defendant Mann, while serving as master commissioner, auctioned the property on December 10, 2010. However, he does not allege that Mann was made personally aware that Judge Braden had granted his request for a hearing, and he acknowledges that Judge Braden had not vacated or otherwise stayed the effectiveness of his prior order for sale. Apart from the uncertain nature of the substantive claim against Mann, the Sixth Circuit has expressly held that an individual empowered to act as a master commissioner pursuant to Kentucky law is acting in a ministerial capacity when carrying out a judge's order for sale, and is thus entitled to absolute quasi-judicial immunity for claims arising out of such conduct. *J.P. Silverton Indus. L.P. v. Sohm*, 243 F. App'x 82, 88-89 (6th Cir. 2007). The claim against Mann therefore fails as a matter of law.

Fourth, while Essek has named the County of Whitley, Kentucky, as a defendant in this action, he makes no allegations against the county in his Complaint. To state a claim against a county under Section 1983, the plaintiff must allege that the deprivation of his constitutional rights occurred pursuant to an official policy or custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978); *Thompson v. Shelby Co.*, No. 08-2695-STA, 2009 WL 1035499, at *3 (W.D. Tenn. Apr. 16, 2009); *Ketron v. Chattanooga Co. Hosp. Auth.*, 919 F. Supp. 280, 284-85 (E.D. Tenn. 1996) (complaint which merely recited terms "policy," "custom," and "usage" failed to satisfy requirement that it allege facts supporting conclusion that county policy was the moving force behind alleged constitutional violations).

Finally, Essek cannot maintain a claim against the Commonwealth of Kentucky in federal court, as the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly

against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993).

Thus, because each of Essek's claims, whether expressly stated or reasonably inferred from his allegations, either fails to state a claim or seeks relief from a defendant immune from such relief, the complaint must be dismissed. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### III.

Accordingly, **IT IS ORDERED** that:

1. The Plaintiff's Complaint [R. 2] is **DISMISSED WITH PREJUDICE**; and

2. The Court will enter an appropriate Judgment.

This the 12th day of January, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge